AUSA: Justin L. Brooke

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

7:25 MJ 1671

UNITED STATES OF AMERICA

v.

BLANCA NERI ARISMENDI,

Defendant.

**COMPLAINT**

Violations of 18 U.S.C. § 1204

COUNTY OF OFFENSES:
WESTCHESTER

SOUTHERN DISTRICT OF NEW YORK, ss.:

RYAN ZIMMERMAN, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

**COUNT ONE**
**(International Parental Kidnapping)**

1. From on or about July 31, 2024 up to and including in or about the present, in the Southern District of New York and elsewhere, BLANCA NERI ARISMENDI, the defendant, removed a child from the United States, and retained the child, who had been in the United States, outside the United States, with the intent to obstruct the lawful exercise of parental rights, to wit, ARISMENDI removed and retained a then-four-year-old child ("Minor Child-1") from the United States and away from his father (the "Father"), who was lawfully in custody of Minor Child-1.

(Title 18, United States Code, Section 1204.)

**COUNT TWO**
**(International Parental Kidnapping)**

2. From on or about July 31, 2024 up to and including in or about the present, in the Southern District of New York and elsewhere, BLANCA NERI ARISMENDI, the defendant, removed a child from the United States, and retained the child, who had been in the United States, outside the United States, with the intent to obstruct the lawful exercise of parental rights, to wit, ARISMENDI removed and retained a then-one-year-old child ("Minor Child-2") from the United States and away from her father (the "Father"), who was lawfully in custody of Minor Child-2.

(Title 18, United States Code, Section 1204.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3. I am a Special Agent with the FBI. I have been a Special Agent since December 2022. Before serving as a Special Agent, I was an Officer in the United States Marine Corps from 2013 to 2017. I have experience investigating violent crime, firearms offenses, narcotics

conspiracies, and kidnapping, among other crimes. I have been personally involved in the investigation of this matter.

4. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law enforcement officers and witnesses, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based upon my review of birth records from the State of Connecticut Department of Public Health, I have learned, among other things, that Minor Child-1 and Minor Child-2 (together, the "Minor Children") were born in or about February 2020 and in or about January 2023, respectively, in Connecticut. BLANCA NERI ARISMENDI, the defendant, is the Minor Children's mother, and the Father is the Minor Children's father.

6. Based upon my review of court records from the State of New York, I have learned, among other things, that on or about July 26, 2024, the Honorable Arlene A. Gordon-Oliver, Judge of the Family Court, entered, following the consent of the parties, an Order of Custody and Access on Consent (the "Custody Order") in Westchester County Family Court in White Plains, New York, that sets out the custody and visitation rights between BLANCA NERI ARISMENDI, the defendant, and the Father, as to the Minor Children. Among other things, the Custody Order sets out in detail the custody, parenting time, visitation, and other parental and visiting rights of the Father and ARISMENDI, providing, in part—

a. The Father and ARISMENDI have joint legal custody of the Minor Children.

b. Division of the parenting time, visitation, and other parental rights and visiting rights of the Father and ARISMENDI, including—

i. ARISMENDI has primary physical custody of the Minor Children.

ii. The Father has visiting rights during specified times on Tuesdays, Thursdays, and alternating Saturdays, with specified pick up and drop off locations in Port Chester, New York.

iii. Starting in January 2025, the Father has weekend access, from Friday at 6 p.m. to Sunday at 6 p.m., with the Minor Children on alternate weekends, with specified pick up and drop off locations in Port Chester, New York.

iv. Starting in January 2025, the Father and ARISMENDI have specified, alternating access to the Minor Children during holidays and special occasions, including alternating access during Thanksgiving and Christmas/New Year's break, federal holidays, access for the Father on Father's Day, access for ARISMENDI on Mother's Day, and access for the Father during specified times on the Minor Children's birthdays.

v. Starting in the summer of 2025, the Father has one week of vacation time with the Minor Children during the summer months, and ARISMENDI has two weeks of vacation time with the Minor Children during the summer months.

vi. During the summer of 2024, the Father has one week of daily parenting time, from 9 a.m. to 7 p.m., each day, during a week of the Father's choosing.

vii. In 2024 only, the Father has parenting time with the Minor Children from November 28, 2024, at 10 a.m., through December 1, 2024, at 5 p.m., and again from December 24, 2024, at 10 a.m., through December 28, at 5 p.m.

c. Certain requirements relating to domestic travel and certain requirements relating to international travel, including, among other things, that if ARISMENDI or the Father travels or vacations with the Minor Children internationally, the parent traveling must advise the other parent of the address where the Minor Children will be staying and provide, at least one month in advance of the travel, a complete itinerary of hotels, flights, phone numbers, and other details.

d. Neither parent will travel with the Minor Children to any country that is not a party to the Hague Convention on the Civil Aspects of International Child Abduction.

7. Based upon my participation in this investigation, my review of reports and records, court documents and orders, related law enforcement reports and records, and my conversations with witnesses and with other members of law enforcement, I have learned the following:

a. Until on or about July 31, 2024, when they were taken outside the United States by BLANCA NERI ARISMENDI, the defendant, as further described below, the Minor Children lived principally in Westchester County, New York.

b. On or about July 11, 2024, ARISMENDI requested that the Father agree to permit international travel for her and the Minor Children to Bolivia from July 31 through August 13, 2024, for the purpose of a family trip and vacation. On or about July 13, 2024, the Father agreed to permit this trip in light of the custody arrangement in place that permitted two-week summer trips and as ARISMENDI had previously traveled to Bolivia with Minor Child-1 two summers earlier and with both Minor Children the summer earlier. ARISMENDI did not provide travel itineraries or flight booking information to the Father for her July 31–August 13, 2024 trip to Bolivia.

c. On or about July 31, 2024, ARISMENDI took the Minor Children from the United States, and flew from John F. Kennedy International Airport in Queens, New York via Avianca to Bogota, Colombia, and then arrived in Bolivia later that same day.

d. On or about August 14, 2024, ARISMENDI asked the Father via email whether he would agree to an extension of the Minor Children's trip to Bolivia. The Father responded that same day that he declined to approve an extension of ARISMENDI's trip. The Father continued to deny his approval for an extension of the trip in subsequent email correspondence with ARISMENDI over the following several days.

e. On or about August 21, 2024, ARISMENDI sent an email to the Father stating, in substance and in part, that she and the Minor Children would not return to the United States. ARISMENDI wrote, "I am writing to inform you of a significant decision that I have made regarding the future of our children. After careful consideration and with their best interests at heart, I have decided to make our stay in Bolivia indefinite and have taken legal action here to safeguard this decision." ARISMENDI also wrote, "We can discuss arrangements for your parenting time via email, including visits to Bolivia and the possibility of me bringing them to the States during vacations." By at least on or about September 2, 2024, ARISMENDI initiated legal action in Bolivia seeking custody of the Minor Children.

f. Since July 31, 2024, ARISMENDI has retained the Minor Children in Bolivia and has not returned them to the United States.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of BLANCA NERI ARISMENDI, the defendant, and that she be arrested, and imprisoned or bailed, as the case may be.

RYAN ZIMMERMAN
Special Agent
Federal Bureau of Investigation

Sworn to before me this 16th day of May, 2025.

THE HONORABLE VICTORIA REZNIK
United States Magistrate Judge
Southern District of New York